IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GREGORY HOWARD,

                Plaintiff,

v.

WARDEN BOUGHTON, CHAPLAIN GOFF,
MS. KROENIG, and SGT. PRIMMER,

                Defendants.

OPINION and ORDER

18-cv-1043-jdp

---

Pro se plaintiff and prisoner Gregory Howard has filed a complaint in which he alleges that officials at Wisconsin Secure Program Facility prevented him from practicing his Muslim faith. Howard has made an initial partial payment of the filing fee in accordance with 28 U.S.C. § 1915(b)(1), so his complaint is ready for screening under 28 U.S.C. § 1915(e)(2) and § 1915A. Because some of Howard's allegations do not provide fair notice as required by Federal Rule of Civil Procedure 8, I will give Howard an opportunity to file a supplement his complaint.

Howard raises three claims in his complaint, but each of those claims suffers from a notice problem. First, Howard says that all of the defendants may be held liable for refusing to allow him to participate in Eid al-Fitr, an annual feast held at the end of Ramadan. Dkt. 1, at 7. But it is not clear how three of the four defendants were involved in this incident. He says that Chaplain Goff was "present during this time" when Sgt. Primmer allegedly decided not to allow Howard to participate in the feast. *Id.*, ¶ 7. But he doesn't say whether Goff participated in the decision or even knew about it before Howard missed the feast. And he doesn't include any allegations against Warden Boughton and Ms. Kroening as to this claim. Howard must explain why he believes that Goff, Boughton, and Kroening can be held liable.

Second, Howard says that he "was denied an opportunity to attend" weekly services because of a grievance he filed. He seeks to hold Goff, Kroening, and Boughton liable for this, *id.*, at 7, but he does not explain how any of them were involved in denying him access to religious services. Again, Howard must inform the court how these three defendants violated his rights.

Third, Howard alleges that he was "denied an opportunity to participate in the Eid Al-Adha feast." *Id.*, ¶ 25. But it is not clear what he means by this. In a section of his complaint in which he is describing the grievance process, he alleges that Goff told him that the prison wasn't holding a "special service" for Eid Al-Adha. *Id.*, ¶ 29. Is Howard alleging that he was not allowed to attend a feast that other prisoners were allowed to attend? Or is he contending that officials violated his rights by choosing not to hold a service at all? Howard also says that Goff, Kroening, and Boughton should be held liable on this claim, *id.* at 7, but he does not explain how they were involved.

I will give Howard an opportunity to file a supplement to his complaint that provides the missing information. If he fails to respond by the deadline, I will screen the complaint and dismiss any claims that fail to provide fair notice as to any defendant.

ORDER

IT IS ORDERED that plaintiff Gregory Howard may have until March 20, 2019, to file a supplement to his complaint in which he provides the information requested in this order. If

2

Howard fails to respond by March 20, I will screen his complaint and dismiss any portion that fails to provide fair notice.

Entered March 5, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge