IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GREGORY HOWARD,

                Plaintiff,

v.

WAYNE PRIMMER,

                Defendant.[1]

OPINION and ORDER

18-cv-1043-jdp

---

Pro se plaintiff Gregory Howard is a Muslim prisoner who was incarcerated at Wisconsin Secure Program Facility during the events relevant to this case. He alleges that he wanted to attend the prison's annual Eid al-Fitr feast in 2018 to celebrate the end of Ramadan, but defendant Wayne Primmer, a sergeant at the prison, refused to allow Howard or any other prisoner in his unit to attend. He asserts claims under both the Free Exercise Clause of the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA).

Primmer moves for summary judgment on both claims. Dkt. 17. Primmer admits that he prevented Howard from attending the feast, but Primmer says that it was a mistake because he didn't know what Eid al-Fitr was, and he wasn't aware that the feast was scheduled. Primmer contends that a mistake doesn't violate the First Amendment and that Howard's RLUIPA claim, which is limited to injunctive and declaratory relief, is moot because Howard has been transferred to a different prison.

I will grant Primmer's motion in part and deny it in part. I agree with Primmer that mistakes don't qualify as constitutional violations, but there is enough evidence to allow a

---

[1] I have amended the caption to reflect Primmer's full name, as identified in the acceptance of service form. Dkt. 12.

reasonable jury to find that Primmer's conduct was intentional, so Primmer isn't entitled to summary judgment on the First Amendment claim. As for the RLUIPA claim, both Howard's transfer and Primmer's reassignment to a different job make it highly unlikely that Primmer will be in a position to burden Howard's religious exercise for the foreseeable future, so I will dismiss the RLUIPA claim as moot.

## ANALYSIS

**A. First Amendment**

As I stated in the screening order, there is some uncertainty in the law on the elements of a free exercise claim in the prison context. *See* Dkt. 10, at 3–4. But I need not resolve that uncertainty in this opinion because Primmer's motion for summary judgment assumes that Howard has satisfied those elements. Primmer relies instead on a more general principle, which is that negligent conduct can't serve as the basis of a violation of the Constitution. *See Childress v. Walker,* 787 F.3d 433, 437 (7th Cir. 2015); *U.S. v. Norwood,* 602 F.3d 830, 835 (7th Cir. 2010).

Primmer describes his version of events in his declaration. *See* Dkt. 20. On Friday, June 15, 2018, during first shift, Primmer was assigned to the Foxtrot Unit. He recalls several prisoners, including Howard, asking "when they would be sent for Jumah service," which is a weekly service for Muslim prisoners held on Friday afternoons. *Id.*, ¶ 7. Primmer told the prisoners that they would have to wait until he received a call from the chaplain that it was time. *Id.* Primmer says that no prisoner asked him about Eid al-Fitr. *Id*, ¶ 9.

Primmer received a call that morning from a staff member "about sending inmates to the Native American Pipe and Drum service and to one other activity [he] had never heard of,"

2

which Primmer now believes was Eid al-Fitr. *Id.*, ¶ 8. He announced the pipe and drum service over the intercom but did not say anything about the other activity because he "assumed there were no inmates who wanted to attend." *Id.*, ¶ 10.[2] Primmer said that he didn't realize his mistake until he was informed by another prisoner that afternoon, but by then the Eid al-Fitr feast had already concluded. *Id.* In his brief, Primmer analogizes his situation to *Hambright v. Kemper*, 705 F. App'x 461, 462–63 (7th Cir. 2017), in which the court held that a prison cook couldn't be held liable under the First Amendment for failing to prepare an Eid al-Fitr meal because "he was not aware of any scheduled feast."

Under Primmer's version of the facts, a reasonable jury could find that Primmer did not intentionally prevent Howard from attending the Eid al-Fitr feast. Neither party cites evidence that Primmer has any animus against Muslims or that he would have any other reason to prevent Howard or any other Muslim prisoner from exercising his religion. So Primmer's testimony is similar to the facts in *Hambright*, suggesting that he was simply uninformed and confused. In fact, in another recent case arising out of the same incident, I granted summary judgment to Primmer based on his testimony, concluding that "Primmer was careless when he failed to inform Arroyo of the Eid al-Fitr service, but there is no evidence that his conduct was intentional." *See Arroyo v. Boughton,* No. 18-cv-1055-jdp, 2020 WL 2849959, at *2 (W.D. Wis. June 2, 2020).

But there is an important difference between this case and *Arroyo*: the prisoner in *Arroyo* didn't oppose Primmer's motion for summary judgment, leaving Primmer's proposed facts

---

[2] Primmer doesn't explain how he could be both ignorant of Eid al-Fitr and believe that no prisoners wanted to attend.

3

undisputed. In this case, Howard points to several pieces of evidence that preclude summary judgment.

First, Primmer states in his declaration that he has been a correctional officer with the Wisconsin Department of Corrections since 2005. Dkt. 20, ¶ 2. A substantial number of prisoners are Muslim, so it would be surprising if someone who had worked more than a decade in corrections had never even heard of a major Islamic feast day, as Primmer says.

Second, Primmer acknowledges that he received an email on June 14, reminding him that "end of Ramadan EID Prayer is on Friday, June 15th at 8am." Dkt. 21-3. He says that he doesn't remember the email, so he may not have read it, or, if he did, he may not have understood what it meant. Dkt. 20, at ¶¶ 13–14. Primmer is free to offer that testimony at trial, but the jury wouldn't be required to accept it. Primmer doesn't contend that he fails to read his email as a general matter, and he doesn't explain why the email would have been confusing.

Third, and most important, Howard offers testimony that contradicts Primmer's statement that no prisoner asked him about Eid al-Fitr. Specifically, Howard avers in his declaration that he "spoke with [Primmer] right after the breakfast meals were served about the Eid Al-Fitr scheduled at 8:00 AM." Dkt. 25, at ¶ 10. Howard says that he asked Primmer "several times" about the feast, and each time Primmer said, "when they call for you all, I'll send you." *Id.*, ¶¶ 13–14. Howard also cites the testimony of another Muslim prisoner, who was housed on the same unit. *See* Dkt. 27. According to that prisoner, Primmer admitted after the Eid al-Fitr feast was over that "they called for you guys earlier, but I didn't feel like bothering with the Ramadan list on who was suppose[d] to go." *Id.*, ¶ 6.

4

Primmer simply ignores this evidence in his reply brief, and he asks the court to accept his testimony. But at summary judgment, the court must view the evidence in light most favorable to the nonmoving party, *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018), which in this case is Howard. And the evidence cited by Howard is more than sufficient to create a genuine issue of material fact on the question whether Primmer intentionally prevented Howard from attending the Eid al-Fitr feast. *See* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

A reasonable jury could find that Primmer made a mistake, but a reasonable jury could also credit Howard's evidence suggesting that Primmer knew what Eid al-Fitr was and that his actions were intentional. So the court will deny Primmer's motion for summary judgment on the First Amendment claim.

## B. RLUIPA

The events relevant to this case occurred at Wisconsin Secure Program Facility, but neither Howard nor Primmer are at that prison now. Howard was transferred to New Lisbon Correctional Institution, and Primmer is now a probation and parole officer. These factual developments render Howard's RLUIPA claim moot.

Only prospective relief is available under RLUIPA. A plaintiff may obtain an injunction or a declaration but not money damages. *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012). To obtain prospective relief, there must be a risk that the defendant will violate the plaintiff's rights again. *Lopez-Aguilar v. Marion Cty. Sheriff's Dep't*, 924 F.3d 375, 395 (7th Cir. 2019).

When a prisoner's claim relates to events at a particular prison, the general rule is that any request for prospective relief becomes moot if a prisoner is transferred because it is so

unlikely that the prisoner will be subjected to the same conditions again. *Thompson v. Bukowski*, No. 18-3009, — F'Appx. —, 2020 WL 2097278, at *2 (7th Cir. May 1, 2020); *Maddox v. Love*, 655 F.3d 709, 716–17 (7th Cir. 2011); *Ortiz v. Downey*, 561 F.3d 664, 668 (7th Cir. 2009). In this case, the chance of Primmer violating Howard's free exercise rights again is essentially zero because Primmer no longer works at *any* prison, let alone the prison where Howard is incarcerated.

Howard contends that his claim isn't moot because "Wisconsin inmates being denied the Eid Al-Fitr celebration is a State wide problem." Dkt. 22, at 5. But Primmer is the only defendant in this case, so potential violations by other prison officials wouldn't be enough to save this claim. In any event, Howard hasn't presented any evidence that anyone other than Howard has interfered with his religious rights in prison. So I will dismiss this claim as moot.

**C. Next steps**

This case is scheduled for trial on August 17, 2020. Unfortunately, a different trial is already scheduled to run through that date. Because of the complexity of that other trial and the number of witnesses involved, it cannot be rescheduled. So we will have to find another trial date for this case. I will set up a scheduling conference with Magistrate Judge Stephen Crocker to choose a new trial date, along with new dates for motions in limine and pretrial disclosures.

In the meantime, Howard should be aware that 42 U.S.C. § 1997e(e) does not allow prisoners to recover damages for emotional pain and suffering unless they suffered a physical injury. Because Howard didn't suffer a physical injury and it seems unlikely that he suffered any economic harm as a result of missing the feast, he will be limited to nominal damages of one dollar and punitive damages if he can meet the relevant legal standard. To recover punitive

damages, Howard will have to prove that Primmer acted with "evil motive or intent" or with "reckless or callous indifference" to his First Amendment rights. *Smith v. Wade*, 461 U.S. 30 (1983). In light of the limited amount of damages available to Howard in this case, the parties are strongly encouraged to consider settlement of their remaining disputes without a trial.

ORDER

IT IS ORDERED that

1. Defendant Wayne Primmer's motion for summary judgment, Dkt. 17, is GRANTED as to plaintiff Gregory Howard's claim under the Religious Land Use and Institutionalized Persons Act. The claim is DISMISSED as moot. The motion is DENIED as to Howard's claim under the Free Exercise Clause of the First Amendment.

2. The trial date and all remaining deadlines are STRUCK. The clerk of court is directed to set up a telephone conference with Magistrate Judge Stephen Crocker to set a new trial date and related deadlines.

Entered June 19, 2020.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge